## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## CLEVELAND PNEUMATIC COMPANY, Respondent.

### No. 84–5810.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 8, 1985.

Decided Nov. 26, 1985.

Elliott Moore, Mark S. McCarty, (LEAD) argued, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., for petitioner.

Keith Ashmus, argued, Thompson, Hine & Flory, Cleveland, Ohio, for respondent.

Before MARTIN and WELLFORD, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

The National Labor Relations Board seeks enforcement of its order finding respondent Cleveland Pneumatic Company in violation of section 8(a)(1) of the Labor Management Relations Act of 1947, 29 U.S.C. § 158(a)(1). The Board, at 271 N.L.R.B. 74 (1984), adopted the administrative law judge's finding that Cleveland Pneumatic violated section 8(a)(1) by threatening a union steward with discharge for engaging in union activity protected under section 7 of the Act. Cleveland Pneumatic claims that the Board's decision is not supported by substantial evidence on the record as a whole and specifically that the steward's conduct was not proper and therefore not protected.

Cleveland Pneumatic, an Ohio corporation, manufactures and assembles aircraft landing gear. The present controversy

---

arises from two overtime notices issued to Robert Williams, the union steward, on Friday, March 25, 1983, announcing that Cleveland Pneumatic would need overtime workers on Saturday and Sunday, March 26 and 27. The notices listed the workers to be called. Williams posted the notices, but first initialed each and wrote the following on each: "Union does not authorize this overtime." The employees actually listed on the notices did not work, but other employees took their place. On Monday, March 28, 1983, Curtiss Tschantz, a Cleveland Pneumatic Manager of hourly relations, reprimanded Williams for writing on the notices and warned that Williams would be fired if he did it again.

The administrative law judge found and the Board agreed that the notice for the Saturday overtime was not in accordance with the union contract agreement which required notice by Thursday afternoon before the Saturday to be worked. The Board also adopted the finding that both notices violated the provision of the union contract which stated that any overtime work is to be divided equally among the work shifts. Williams, in writing on the notices, was clarifying that the union had not authorized the deviation from contract terms. By doing such, Williams was acting in his proper role as a union steward, a role protected by section 7 of the Act. The administrative law judge found and the Board agreed that the oral warning and threat of discharge was a restraint on a proper activity of a union steward in violation of section 8(a)(1) of the Act.

Here there is substantial evidence in the record as a whole to support the conclusion of the Board that there was a violation. *See Universal Camera Corporation v. Labor Board,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951); *NLRB v. Magnetics Int'l, Inc.,* 699 F.2d 806 (6th Cir.1983). Williams simply was fulfilling his role as a union steward by informing the employees of the position of the union.

The Board's petition to enforce is granted.